THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v. HENRY EVANS WHITTLE, DEFENDANT-RESPONDENT.

Argued May 6, 1968—Decided July 16, 1968.

408

*Mr. Raymond R. Trombadore,* Assistant Prosecutor of Somerset County, argued the cause for plaintiff-appellant (*Mr. Michael R. Imbriani,* Prosecutor of Somerset County, attorney; *Mr. Robert N. Golden,* Assistant Prosecutor of Somerset County, of counsel).

*Mr. Seymour Margulies* argued the cause for defendant-respondent (*Messrs. Levy, Lemken & Margulies,* attorneys; *Mr. Margulies,* of counsel and on the brief).

The opinion of the Court was delivered

PER CURIAM. Defendant was indicted on two counts, charging him with carnally abusing a girl 13 years of age (*N. J. S.* 2A:138-1) and with impairing the morals of the same girl (*N. J. S.* 2A:96-3). He was convicted of attempted carnal abuse under the first count and of impairing the morals of a minor under the second count, and sentenced to a term of not less than two nor more than three years on each count, the terms to run consecutively.

Defendant made two motions for a new trial, but both were denied. He then appealed to the Appellate Division. The Appellate Division reversed the conviction and remanded for a new trial on the ground that the trial court committed reversible error with respect to its treatment of defendant's prior conviction for a crime. This Court granted certification on the State's petition (51 *N. J.* 394 (1968)), directing the parties to consider the two grounds discussed by the Appellate Division.

The facts in summary are as follows. The complaining witness testified that some time in June 1965, defendant, who was then 43 years old, came to her house when she was alone and asked if she wanted to go for a ride to a ranch. She agreed. On the way to the ranch defendant told her that he wanted to stop at his place of work. She said that when they arrived at that place they both got out of the car and went inside, where defendant took three swallows of gin from a bottle. He then picked her up and carried her to a room which had a quilt on the floor, placed her on the quilt, and took off all her clothes and his clothes as well. He got on top of her and tried to have intercourse with her. She said that she pushed him away, got up and got dressed, and at no time was there a touching between their respective genital organs. She said that defendant then took her to the ranch for about 15 minutes before taking her home.

Defendant offered the testimony of five character witnesses. All testified to his good character in the community in which he lived. Three of the witnesses were asked, on cross-examination, if they had heard that defendant had been convicted of counterfeiting in 1944 in the State of Washington. Defendant was 22 years of age at that time. Objection was made by defendant on the ground that the 1944 conviction was too remote and should not be brought to the attention of the jury. The trial court overruled the objection. No instruction was asked for or given explaining the purpose of the counterfeiting conviction, *i. e.*, to affect the witnesses' credibility. However, the context and wording of the questions concerning the conviction made the purpose evident; that is, the questions were obviously asked "to ascertain whether even though [the character witness] had heard rumors of misconduct he still conceived the defendant to have a good reputation," or to question whether the witness had a genuine "knowledge of defendant's reputation." *State v. Raymond,* 46 *N. J. Super.* 463, 467 (*App. Div.* 1957), certification denied 25 *N. J.* 490 (1957).

Defendant also took the stand. On direct examination, he contradicted the testimony of the complaining witness, *i. e.,* he denied taking the girl to where he worked or molesting her. On cross-examination, he admitted that the counterfeiting conviction had taken place. No objection was made to the question about the prior conviction and no cautionary instruction was requested.

In its charge to the jury, the trial court instructed that a prior conviction could not go to the question of guilt of the crime presently charged. The court emphasized that the conviction was being used solely to affect the credibility of defendant's character witnesses and of defendant.

I

Defendant prevailed before the Appellate Division on the claim that the trial court committed reversible error in failing to instruct the jury to consider the remoteness of the 1944 conviction in evaluating its effect on defendant's credibility. Defendant cites *State v. Hawthorne,* 49 *N. J.* 130 (1967), as support for this position.

*Hawthorne* does not require a charge on remoteness in the sense that the absence of such a charge automatically constitutes reversible error. It commits the matter to the discretion of the trial court. Here, there was no request for an instruction and we see no basis for a claim of plain error.

II

We next consider whether the trial court committed reversible error in allowing the State to cross-examine defendant's character witnesses as to their knowledge of the 1944 conviction. See generally *State v. Raymond,* 46 *N. J. Super.* 463 (*App. Div.* 1957), certification denied 25 *N. J.* 490 (1957).

Defendant's first contention in this regard is that the 1944 conviction was too remote in time for use in the

impeachment of character witnesses. However, at least two of the character witnesses dated their acquaintance with defendant to a period prior to 1944. In these circumstances, the 1944 conviction assumed fresh importance and allowance of its use did not constitute an abuse of the trial court's discretion. See *Michelson v. United States,* 335 *U. S.* 469, 484, 69 *S. Ct.* 213, 93 *L. Ed.* 168, 178 (1948).

Defendant also contends that the conviction for counterfeiting does not involve misconduct concerning the specific trait involved in the offenses of carnal abuse and impairing the morals of a minor. *State v. Steensen,* 35 *N. J. Super.* 103, 109 *(App. Div.* 1955); *cf. State v. Reyes,* 50 *N. J.* 454, 468 (1967). However, it is clear that defendant himself opened the door to such broad cross-examination of the character witnesses by attempting, on direct, to establish a reputation for being a "peaceful, quiet, law-abiding citizen, for honesty and for morality." And, in any event, defendant himself took the stand and the same conviction came to the jury's attention on cross-examination of defendant.

We find no reversible error in the trial court's handling of this issue.

### III.

Defendant was convicted of attempted carnal abuse and of impairing the morals of a minor and was sentenced to two consecutive 2-3 year terms. It is clear from the record that the conduct which led to the conviction for attempted carnal abuse was precisely the same conduct which led to the conviction for impairing the morals of a minor. There was, in essence, a single criminal episode or transaction which, under these circumstances, ought not to support the imposition of separate sentences. See *State v. Ford,* 92 *N. J. Super.* 356, 362–63 *(App. Div.* 1966); *State v. Johnson,* 67 *N. J. Super.* 414, 423–24, 434 *(App. Div.* 1961). Defendant should have been sentenced for a single offense. *State v. Kaufman,* 18 *N. J.* 75, 81 (1955). We

are of the view that the two consecutive sentences should be deemed to be a single sentence of 2-3 years.

We have examined the other points raised by defendant and find them to be without merit.

The judgment of the Appellate Division is reversed and the sentence is modified from two sentences to a single sentence of 2-3 years.

*For reversal and modification*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For affirmance*—None.