STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. LEON WAYNE RICHARDSON, DEFENDANT-RESPONDENT.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EMORY JOHNSON, DEFENDANT-APPELLANT.

Argued October 13, 1976—Decided April 5, 1977.

*Mr. Maurice Molyneaux,* Assistant Deputy Public Defender, argued the cause for appellant Johnson (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Michael H. Kessler,* Assistant Prosecutor, argued the cause for the State of New Jersey as appellant in A–17 and as respondent in A–18 (*Mr. Edward W. McGrath,* Union County Prosecutor, attorney; *Mr. Paul A. Massaro,* on the brief).

*Mr. Robert J. Konzelmann,* Assistant Deputy Public Defender, argued the cause for respondent Richardson (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

The opinion of the court was delivered by

SULLIVAN, J. These two appeals grow out of a single criminal episode in which both Leon Richardson and Emory Johnson, defendants herein, were involved. They were jointly indicted on several counts but were tried separately. Each was found guilty. The basic issue in each case was and is identical with the question involved in *State v. Moran,* also decided by us this date. 73 *N. J.* 79 (1977).

The State's proofs at the separate trials may be summarized as follows. On December 15, 1971, at about 1:45

a.m., Officer John Papa of the Roselle Police Department was on foot patrol duty on St. George Avenue. As he was walking along he was approached by defendant Richardson who engaged him in conversation. While they were talking, defendant Johnson came up behind the officer, struck him over the head several times with a length of pipe and knocked him to the ground. The officer's gun was then taken by Richardson and the two defendants ran off. The purpose of the attack on the officer was to secure a gun for use in other criminal activities.

After defendants were apprehended, they were jointly indicted and charged with the following offenses: Count 1, atrocious assault and battery, a violation of *N. J. S. A.* 2A: 90-1; Count 2, assault with intent to kill, a violation of *N. J. S. A.* 2A:90-2; Count 3, assault and battery upon a police officer acting in the performance of his duties while in uniform, a violation of *N. J. S. A.* 2A:90-4; Count 4, robbery of the officer's revolver, a violation of *N. J. S. A.* 2A: 141-1; Count 5, being armed with a dangerous instrument, namely a bludgeon, at the time, a violation of *N. J. S. A.* 2A:151-5; Count 6, possession of a dangerous instrument, namely a bludgeon, in a public area, a violation of *N. J. S. A.* 2A:151-41(c); Count 7, possession of a dangerous instrument, namely, a bludgeon, with intent to use the same unlawfully against another, a violation of *N. J. S. A.* 2A: 151-56.

As heretofore noted, defendants were tried separately by jury. Each was found guilty at his separate trial on all counts except for Count 2 (assault with intent to kill). As to this count, Johnson was found not guilty and Richardson had it dismissed at the close of the State's proofs. Each defendant received State Prison sentences aggregating 12 to 15 years.[1] Each filed a separate appeal.

---

[1]The sentences imposed on Johnson were Count 1, 5 to 7 years; Count 3, 5 to 7 years; Count 4, 12 to 15 years; Count 5, 7 to 10 years; Count 6, 5 to 7 years; Count 7, 7 to 10 years. The sentences

On Johnson's appeal, the Appellate Division, in an unreported opinion, affirmed the judgment of conviction. It noted the State's concession that in the factual situation presented, defendant's conviction on Count 6 (possession of a dangerous instrument, a bludgeon) merged with his conviction on Count 7 (possession of the same bludgeon with intent to use it unlawfully against another). The Appellate Division agreed that the charge of possession was an included offense in the charge of possession with intent. Accordingly, it vacated the conviction and sentence as to Count 6.

The Appellate Division was satisfied that there was no merger of the remaining convictions and that as to Counts 1, 3, 4 and 5 each of the proscribed activities presented a separate and distinct danger which the Legislature determined to combat.

Defendant Johnson's petition for certification makes the single contention that the charge contained in Count 1 (atrocious assault and battery) and Count 3 (assault and battery upon a police officer acting in the performance of his duties while in uniform) should merge. We granted his petition to consider this question. 68 *N. J.* 490 (1975).

On Richardson's appeal the Appellate Division, in an unreported opinion, affirmed the judgment of conviction but modified it in two respects. First, it held that the charges contained in Count 1 (atrocious assault and battery) and Count 3 (assault and battery on a police officer) should have been treated as a single criminal incident for which defendant could receive a single sentence only. Second, it held that the charges contained in Counts 6 and 7, which charged possession of the bludgeon and possession of the same bludgeon with intent to use it unlawfully, under the facts presented, should also have been regarded as a single criminal episode for which defendant should have received a single sentence.

were made concurrent with each other. Richardson received the same concurrent sentences except that on Count 5 he was sentenced to 8 to 10 years, and on Count 7, 5 to 7 years.

The Appellate Division did not indicate which charges were to survive.

The Appellate Division rejected defendant's contention that the convictions and sentences for possession of the bludgeon and possession of the bludgeon with intent to use it unlawfully, should be merged with Count 5 which charged defendant with being armed with the same bludgeon while committing the robbery charged in Count 4. Instead, it held that the use of the bludgeon during the robbery permitted the "enhancement" of the sentence for the robbery in addition to sentencing on the possessory counts.

The State has challenged only that part of the Appellate Division's decision in *Richardson* which held that the charges contained in Counts 1 and 3 were to be treated as a single criminal offense. We granted its petition for certification to review this question. 69 *N. J.* 85 (1975). We also granted the State's motion to consolidate this appeal with that pending in *State v. Johnson.*

In *State v. Moran,* also decided by us this date, we held that where there is a single attack on a police officer, such attack, if atrocious, would be a violation of both *N. J. S. A.* 2A:90-1 (atrocious assault and battery) and *N. J. S. A.* 2A:90-4 (assault and battery upon a police officer acting in the performance of his duties while in uniform). However, we also held that such a single attack could result in a conviction and sentence on only one or the other of the two charges. That ruling is dispositive of the basic issue involved in the consolidated appeals herein.

Accordingly, in *State v. Richardson* we affirm the Appellate Division ruling on this issue. Since the ruling, though, does not indicate which charge survives, and the State has not expressed a choice,[2] we direct that the conviction and

---

[2]In *Moran* we held that if the State elects to proceed under both statutes and the jury convicts on both, the State should make the choice as to the conviction on which sentence is to be imposed. Absent a choice by the State, the court has the discretion to impose sentence on either conviction.

sentence on Count 3 (assault and battery on a police officer acting in the performance of his duties while in uniform) stand, and the conviction and sentence on Count 1 (atrocious assault and battery) be vacated.

In *State v. Johnson* the decision of the Appellate Division on such issue is reversed and the judgment of conviction modified by affirming the conviction and sentence on Count 3 and vacating the conviction and sentence on Count 1. As noted in our opinion in *Moran,* the foregoing is based not on merger but rather on the concept of a single punishment for a single offense. See: *State v. Davis,* 68 *N. J.* 69, 77 (1975).

At the oral argument of the consolidated appeals herein the State conceded that Count 6 (possession of a bludgeon in a public area) and Count 7 (possession of the same bludgeon with intent to use it unlawfully against another) merged with Counts 4 and 5 which charged defendants with having committed armed robbery. This concession was based on the facts and circumstances proven at trial and particularly the trial court's charge which did not differentiate between possession of the bludgeon during the robbery and possession independent of the robbery. While defendants have not sought this relief before this Court, we think the concession is fair and responsive to our decision in *State v. Best,* 70 *N. J.* 56 (1976). This will require that the convictions in each case be modified so as to merge the counts of possession in Counts 6 and 7 into the convictions for armed robbery.

To recapitulate, Emory Johnson stands convicted of assault and battery upon a police officer acting in the performance of his duties while in uniform under Count 3 with a sentence of 5 to 7 years. He stands convicted of robbery under Count 4 with a sentence of 12 to 15 years. He stands convicted under Count 5 of being armed while committing the robbery with a sentence of 7 to 10 years. The sentences are to be served concurrently.

Leon Richardson stands convicted of assault and battery upon a police officer acting in the performance of his duties while in uniform under Count 3 with a sentence of 5 to 7 years. He stands convicted of robbery under Count 4 with a sentence of 12 to 15 years. He stands convicted under Count 5 of being armed while committing the robbery with a sentence of 8 to 10 years. The sentences are to be served concurrently.

The judgments of conviction herein are modified accordingly.

*For modification* — Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.