STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
WILLIAM J. MORAN, DEFENDANT-RESPONDENT.

Argued October 13, 1976—Decided April 5, 1977.

*Mr. Mart Vaarsi,* Deputy Attorney General, argued the cause for plaintiff-appellant (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

*Mr. Stanley J. Kaczorowski* argued the cause for defendant-respondent (*Messrs. Stamler, Mitzner & Kaczorowski,* attorneys).

The opinion of the court was delivered by
SULLIVAN, J. This appeal poses the question whether defendant can be convicted of assault and battery upon a police

officer, and also of atrocious assault and battery, based on a single assault on the same officer. The Appellate Division held in the negative. We affirm.

The facts are undisputed. On May 21, 1974, defendant, who was then 25 years old, having falsely reported to the police that he had found a bundle of bloodied clothing, led an investigating officer into a wooded area and, when the officer's back was turned, struck the officer over the head with a length of pipe. Defendant then took the officer's gun and some ammunition, and fled. Allegedly, defendant had had a fight with his girl friend and wanted a gun with which to commit suicide. Defendant's father surrendered defendant and the gun to the police within a few hours.

A three-count indictment was returned against defendant charging him with (1) assault and battery upon a police officer acting in the performance of his duties while in uniform, a violation of *N. J. S. A.* 2A:90–4, (2) atrocious assault and battery, a violation of *N. J. S. A.* 2A:90–1, and (3) larceny of a pistol from the officer, a violation of *N. J. S. A.* 2A:119–1. Defendant pleaded guilty to all three counts and was sentenced to State Prison as follows: First count, 5 to 7 years; Second Count, 5 to 7 years; Third Count, 2 to 3 years, all to be served concurrently. He had no prior criminal record.

Following the denial of a motion to reduce sentence, defendant filed an appeal claiming the sentence was excessive. The Appellate Division, in an opinion reported at 136 *N. J. Super.* 188 (1975), upheld the terms imposed but strongly recommended that defendant be institutionally transferred to a youth correction center. Also, the Appellate Division, *sua sponte,* considered the question of the appropriateness of the convictions on Counts One and Two. It concluded that while defendant's conduct may have been a violation of both *N. J. S. A.* 2A:90–1 and 2A:90–4, so that the State could proceed under either statute or both of them, nevertheless, defendant was guilty of but one criminal act and sentence could be imposed on only one of the offenses. The Appellate

Division therefore reversed the conviction on Count Two of the indictment and set aside the sentence imposed thereon. The State's petition for certification was granted. 70 *N. J.* 151 (1976).

It seems clear that defendant's attack on the police officer constituted violations of both statutes. While each offense is classified as a high misdemeanor and each carries the same maximum punishment of a $2,000 fine and seven years imprisonment, they are separate offenses. The proofs necessary to convict for each differ. The question is whether the Legislature intended that in circumstances such as are here presented, defendant's single criminal act, a violation of both statutes, would constitute two separate offenses for which he could receive separate punishments.

It is clear there was no such intent. The Legislature made simple assault and battery on a police officer acting in the performance of his duties while in uniform a high misdemeanor. Atrocious assault and battery is also a high misdemeanor and carries the same punishment. Were atrocious assault and battery on an officer made a separate offense in addition to the present offense of assault and battery upon a police officer, it is clear that a single attack on an officer, even if atrocious, could result in only one conviction. Obviously, the charge of assault and battery upon an officer would merge into the charge of atrocious assault and battery upon the same officer when the same criminal conduct is involved.

*State v. Davis,* 68 *N. J.* 69 (1975), while it dealt with the issue whether there should be a merger of convictions of both possession and distribution of the same drugs, said this:

"We are, however, in complete accord on this fundamental point: If an accused has committed only one offense, he cannot be punished as if for two. Hence, we reaffirm the prohibition against multiple punishment for a single wrongdoing. (citing cases)." 68 *N. J.* at 77.

We therefore reaffirm the judgment of the Appellate Division that defendant's attack on the officer was a single criminal offense even though it constituted violations of two high

misdemeanor statutes. *Cf. State v. Whittle,* 52 *N. J.* 407, 411 (1968).

In a situation such as is here presented, if the State elects to proceed under both statutes and the jury convicts on each, judgment of conviction can be imposed on only one of the counts, the State making the choice as to the count on which judgment of conviction and sentence is to be imposed. Here the State has not expressed a choice. Accordingly, the judgment of the Appellate Division affirming the conviction and sentence on Count One (assault and battery upon a police officer acting in the performance of his duties and while in uniform), and vacating the conviction and sentence on Count Two (atrocious assault and battery) is affirmed.

*For affirmance* — Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD — 7.

*For reversal* — None.