246 N.J. Super. 241 (1991)
587 A.2d 288
STATE IN THE INTEREST OF A.R., A JUVENILE.
Superior Court of New Jersey, Appellate Division.
Submitted February 4, 1991.
Decided February 25, 1991.
*242 Before Judges DREIER, ASHBEY and LANDAU.
Wilfredo Caraballo, Public Defender, attorney for appellant (Donna C. Chin, Designated Counsel, of counsel and on the brief).
James F. Mulvihill, Special Assistant Attorney General in Charge, Acting Prosecutor Cumberland County, attorney; (Tina M. Labrusciano, Special Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by DREIER, J.A.D.
The juvenile appeals from sentences imposed for violation of probation. The State concurs that the matter should be remanded for resentencing.[1]
*243 Notwithstanding the State's general acquiescence in the remand for resentencing, we disagree with the juvenile's contention that the judge's statements at the time of the original sentencing should have led the juvenile to believe that he was subject to but two years' incarceration if he violated probation. The juvenile delinquency for which the juvenile was adjudicated was based upon conduct which for an adult would constitute the second-degree offense of robbery. The adjudication subjected the juvenile to a three-year maximum term. N.J.S.A. 2A:4A-44d(1)(d).
When an adult defendant is sentenced for a violation of probation, it is not the originally-imposed term that sets the limit of the new sentence; it is the maximum for the offense. N.J.S.A. 2C:45-3b. The same is true of a juvenile, in that the court retains jurisdiction to "substitute any other disposition which it might have made originally." N.J.S.A. 2A:4A-45b. Here that term is three years, and when the probation violation occurred, the judge imposed an indeterminate term not to exceed three years. The judge did not violate State v. Baylass, 114 N.J. 169, 177-178, 553 A.2d 326 (1989), since he focused upon the juvenile's prior record and attitude, not on the circumstances of the probation violation.
In addition to the indeterminate term not to exceed three years, the juvenile was given two consecutive thirty-day reformatory sentences for petty disorderly persons offenses. As the defense correctly points out, N.J.S.A. 2A:4A-44d(1) provides for jail sentences for juveniles who commit a variety of offenses, but not petty disorderly persons offenses. While one implication is that a remedy other than incarceration must be found, another is that there should be no deviation between adult and juvenile penalties for petty disorderly offenses. We subscribe to the former reading, since the latter overlooks the *244 Legislature's overall treatment of juvenile sentences for delinquency which would constitute disorderly persons offenses.
N.J.S.A. 2C:43-8 sets forth the maximum for adult disorderly persons offenses (six months) and petty disorderly persons offenses (30 days). N.J.S.A. 2A:4A-44d(1)(g) sets the same six-month maximum sentence for a juvenile convicted of juvenile delinquency based upon conduct which for an adult would be a disorderly persons offense. There is, however, no juvenile sentencing counterpart for a State correctional sentence for a petty disorderly persons offense, although the Legislature has made the commission of such an offense grounds for an adjudication of delinquency. N.J.S.A. 2A:4A-23b. Elsewhere in the Code of Juvenile Justice, the Legislature has also distinguished disorderly and petty disorderly offenses. In N.J.S.A. 2A:4A-43c(3)(a), only a juvenile who has been convicted of acts which for an adult would constitute a crime or "repetitive disorderly persons offenses" is subject to incarceration in a juvenile detention facility. The term "repetitive disorderly persons offenses" is defined in N.J.S.A. 2A:4A-22h as "the second or more disorderly persons offense committed by a juvenile on at least two separate occasions and at different times." No mention is made in these statutes of petty disorderly persons offenses.
What we are left with is the Legislature's determination that for these minor infractions, the panoply of alternative dispositions set forth in N.J.S.A. 2A:4A-43 may be available, but not incarceration. We therefore find that the two consecutive 30-day sentences must be vacated. As the (now-former) juvenile will be subject to suitable parole on release from his present incarceration, no further sentence need be imposed for the two petty disorderly persons offenses.
We therefore remand this case to the trial judge to amend the sentence by deleting the two 30-day fixed terms. We note that this young man is still incarcerated, and has already served two-thirds of the maximum term for which he was sentenced for the probation violation. It may be that he is now incarcerated *245 for institutional infractions, or on unrelated convictions. (At sentencing, the trial judge noted the juvenile's extensive record and poor attitude.) We will leave it to the trial judge to review the juvenile's status after deduction of the 60 days, and to determine whether he should be released, or otherwise have his sentence modified. N.J.S.A. 2A:4A-45a. This review shall be accomplished by March 1, 1991.
Reversed and remanded for review by the trial judge.
NOTES
[1] The notice of appeal was filed in May 1989, and the maximum sentence was three years and sixty days. Unfortunately, the appellant's brief was not filed until July 1990. The State's brief from the County Prosecutor, consisting of but one sentence, was not filed until November 8, 1990. ("The State has reviewed the juvenile-appellant's brief and submits that the case should be remanded for resentencing.") Defense counsel apparently took no action on reviewing the State's brief, and the matter was not set down for hearing until February 19, 1991. After preliminary review, and our noting that the juvenile has served two-thirds of his sentence and that the additional 60 days' credit to which he is entitled may make a difference, we accelerated the submission of the appeal on our own motion. Delays such as those we see in this case should not be repeated. See State in the Interest of S.T., 233 N.J. Super. 598, 607, 559 A.2d 861 (App.Div. 1989).