697 A.2d 571

STATE OF NEW JERSEY, IN THE INTEREST
OF M.C., JUVENILE–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted December 4, 1996—Argued June
11, 1997—Decided August 4, 1997.

Before Judges LONG, SKILLMAN and A.A. RODRIGUEZ.

*Daniel V. Gautieri,* Assistant Deputy Public Defender argued the cause for appellant M.C. (*Susan L. Reisner,* Public Defender, attorney; *Mr. Gautieri* and *Mordecai Garelick,* Assistant Deputy Public Defenders, on the brief).

*Michelle Katich,* Assistant Prosecutor, argued the cause for respondent State of New Jersey (*Ronald S. Fava,* Passaic County Prosecutor, attorney).

· *Daniel I. Bornstein,* Deputy Attorney General argued the cause for amicus curiae Peter Verniero, Attorney General (*Carol M. Henderson,* Deputy Attorney General, of counsel).

RODRIGUEZ, A.A., J.A.D.

M.C., then sixteen-years old, was arrested and charged with juvenile delinquency for conduct that, if committed by an adult, would have constituted possession of a shotgun without first obtaining a firearms purchaser identification card, *N.J.S.A.* 2C:39–5c. The judge sustained the complaint, and imposed a custodial term of one-year. The sentence was suspended upon a condition that M.C. participate in the Total Life Program. The contentions on appeal are that the adjudication of delinquency must be reversed because the Legislature intended that juveniles who possess firearms be prosecuted exclusively pursuant to *N.J.S.A.* 2C:58–6.1b and that the juvenile is not subject to incarceration because the offense is, by definition, limited to juveniles. We conclude that the Legislature, in enacting *N.J.S.A.* 2C:58–6.1b, intended that persons under the age of eighteen who possess firearms be prosecuted under either *N.J.S.A.* 2C:58–6.1b or *N.J.S.A.* 2C:39–5c. We further conclude that the Legislature intended that persons prosecuted pursuant to *N.J.S.A.* 2C:58–6.1b be subject to incarceration. Therefore, we affirm.

The facts presented by the State can be summarized as follows. An off-duty Paterson police officer saw M.C., accompanied by another young man, carrying a brown-leather gun case while walking on a public street. The officer followed the pair for approximately two blocks and then pulled up alongside M.C. Upon seeing the officer, M.C. threw the gun case down and ran. The officer retrieved the case, pursued M.C., and apprehended him after a struggle. The gun case contained a Remington 12–gauge shotgun. M.C. gave a statement indicating that he met another young man who told him that he had a shotgun. The pair agreed "to sell it to a crackhead." M.C. acknowledged that he carried the shotgun because his friend said it was too heavy.

M.C. contends that the State could only prosecute him for violating *N.J.S.A.* 2C:58–6.1, which provides:

a. No person under the age of 18 years shall purchase, barter or otherwise acquire a firearm.

b. No person under the age of 18 years shall possess, carry, fire or use a firearm except under [certain exceptions not applicable here].

. . . .

c. Notwithstanding any other provisions of law, any person under the age of 18 years who violates any provision of this section shall be adjudged delinquent.

[*N.J.S.A.* 2C:58–6.1.]

M.C. also argues that the Legislature "created a noncarceration offense for juveniles who would otherwise be subject to a third degree juvenile sentence."

█ Delinquency is the commission of an act by a juvenile, which if committed by an adult, would constitute a crime, a disorderly persons offense, or a petty disorderly persons offense. *N.J.S.A.* 2A:4A–23a, b. Delinquency also encompasses the violation of any other penal statute, ordinance, or regulation. *N.J.S.A.* 2A:4A–23c. If a juvenile is adjudged delinquent, the court can impose incarceration as one of the appropriate dispositions. *N.J.S.A.* 2A:4A–43b; *In re A.R.,* 246 *N.J.Super.* 241, 244, 587 *A.*2d 288 (App.Div.1991). The term of incarceration, if applicable, is based on the degree of the adult offense. *N.J.S.A.* 2A:4A–44d(1).

The Legislature has also enacted statutes applicable only to juveniles. A juvenile charged with violating such a statute was formerly classified as a "juvenile in need of supervision" (JINS). *State v. Buglione,* 233 *N.J.Super.* 110, 114, 558 *A.*2d 51 (App.Div.) (citing *N.J.S.A.* 2A:4–45(d) (repealed 1983)), *certif. denied,* 117 *N.J.* 636, 569 *A.*2d 1336 (1989). A JINS offender could not be incarcerated. *Ibid.* (citing *N.J.S.A.* 2A:4–62 (repealed 1983)). The JINS classification has since been abrogated. *Ibid.* However, the JINS classification is now encompassed in the term "juvenile-family crisis." Senate Judiciary Committee Statement to Assembly Bill No. 641 (1982), reprinted following *N.J.S.A.* 2A:4A–20. *See also* 2A:4A–22g.

After reviewing the legislative history of *N.J.S.A.* 2C:58–6.1, we conclude that, by its most recent amendment, the Legislature intended to create an offense that would apply only to a person under the age of eighteen and that such offender would be subject to incarceration as a juvenile delinquent. *N.J.S.A.* 2C:58–6.1, as originally enacted in 1979, provided in pertinent part that, "any person under the age of 18 who violates any provision of this section shall be deemed a juvenile in need of supervision." *L.* 1979, *c.* 179, § 14. The statute was amended in 1980 to provide that a violator thereof "shall be adjudged delinquent." *L.* 1980, *c.* 52, § 1. The statement of the amendment's sponsor declares:

This bill would make illegal possession of firearms by persons under 18 years of age punishable as *either* a third degree crime or an act of delinquency, instead of as a juvenile in need of supervision violation, provided by the current law.[1] Under the previous criminal law, 2A:151–11, such offense was punishable as either a misdemeanor or an act of delinquency, but this was changed under the new Penal Code, 2C:58–6.1. *Given the current statutes on juvenile offenders,* 2A:4–42 *et seq.* [now codified as 2A:4A–2 to –62], *the effect of the bill would be,* like 2A:151–11, *to make this offense an act of delinquency.*

*An act of delinquency, under 2A:4–61* [currently 2A:4A–43], *is subject to possible incarceration, which underlines the gravity of the offense and makes more effective the other possible penalties short of incarceration.* A JINS offense is not subject to incarceration, under 2A:4–62 [currently 2A:4A–46].

The bill makes the offense either an act of delinquency or a third degree crime. This is done for three reasons.

First, while the offense is by definition limited to juveniles, who will be dealt with as delinquents, the designation of third degree crime is added as an indication to the criminal justice system of the gravity of the offense. Illegal possession of firearms by adults is a third degree crime under 2C:39–5.

Second, while juvenile is currently defined in the delinquency statutes as anyone under 18 years of age, 2A:4–43 [currently 2A:4A–22], this is subject to change. If the age limit for juvenile were lowered, the adult violators of 2C:58–6.1 would be subject to a third degree crime.

---

[1] The original draft of the amendment provided that a violator would be guilty of a crime of the third degree or adjudged a delinquent. The reference to a crime of the third degree was eliminated "as an unnecessary guide to the criminal justice system regarding the gravity of the act of delinquency." Assembly Judiciary, Law, Public Safety & Defense Committee Statement to Assembly Bill No. 720 (1980). .

Third, 2A:4–44 [currently 2A:4A–23] defines delinquency as an act by a juvenile which would be a crime or other offense if done by an adult. This bill in effect comports with this definition by designating the offense as a third degree crime if committed by an adult, while giving clear direction that the offense should be dealt with as an act of delinquency if done by a juvenile. This extra care in drafting is necessitated by the fact that the offense is limited to persons under 18, and this is the same format used by the old law, 2A:151–11.

[Sponsor Statement to Assembly Bill No. 720 (1980) (emphasis added).]

Thus, the sponsor's statement expressly mentions the Legislature's intent that violators under the age of eighteen be prosecuted pursuant to *N.J.S.A.* 2C:58–6.1 and that such violators be subject to incarceration.

However, we conclude that neither the language nor the intent of *N.J.S.A.* 2C:58–6.1 requires that a juvenile in possession of a firearm be prosecuted exclusively under that statute. Any violation which would constitute a third degree crime if committed by an adult is an act of delinquency when committed by a juvenile by virtue of *N.J.S.A.* 2A:4A–23. We find no authority that indicates that prosecution of juveniles who violate *N.J.S.A.* 2C:39–5c is excluded from this general rule. It is well settled that specific conduct may violate more than one statute. *State v. Gledhill,* 67 *N.J.* 565, 573, 342 *A.*2d 161 (1975). "Statutes are not inconsistent merely because they overlap in prohibiting the same act." *State v. Stelzner,* 257 *N.J.Super.* 219, 239, 608 *A.*2d 386 (App.Div.), *certif. denied,* 130 *N.J.* 396, 614 *A.*2d 619 (1992). Where there are two statutes which appear to overlap, the prosecution may proceed under either statute in the absence of a clear legislative intent to the contrary. *State v. States,* 44 *N.J.* 285, 291–292, 208 *A.*2d 633 (1965); *State v. Drake,* 79 *N.J.Super.* 458, 462, 191 *A.*2d 802 (App.Div.1963). We find no express or implied statement of a legislative intent to make *N.J.S.A.* 2C:58–6.1 the exclusive means of prosecuting a juvenile for unlawful possession of a firearm. If that had been the Legislature's intent, then it could have amended *N.J.S.A.* 2C:56–6.1 to indicate as much. *See State v. Drake, supra,* 79 *N.J.Super.* at 462, 191 *A.*2d 802. Alternatively, the Legislature could have amended *N.J.S.A.* 2C:39–5 so that it would only apply to adults, rather than "any person."

We also note that there are many reported cases involving juvenile prosecutions for violations of *N.J.S.A.* 2C:39–5. *See In re R.M.,* 141 *N.J.* 434, 440, 661 *A.*2d 1277 (1995); *In re J.B.,* 284 *N.J.Super.* 513, 515, 665 *A.*2d 1124 (App.Div.1995); *State v. Bryant,* 237 *N.J.Super.* 102, 104, 567 *A.*2d 212 (App.Div.1988), *rev'd on other grounds,* 117 *N.J.* 495, 569 *A.*2d 770 (1989); *In re A.B.,* 214 *N.J.Super.* 558, 560, 520 *A.*2d 783 (App.Div.1987), *aff'd,* 109 *N.J.* 195, 536 *A.*2d 240 (1988); *In re T.E.T.,* 184 *N.J.Super.* 324, 326, 446 *A.*2d 177 (App.Div.1982), *certif. denied,* 94 *N.J.* 508, 468 *A.*2d 169 (1983), *overruled on other grounds by State v. Lee,* 96 *N.J.* 156, 475 *A.*2d 31 (1984). However, no appellate court has suggested that *N.J.S.A.* 2C:58–6.1 is the exclusive means of prosecuting a juvenile for unlawful possession of a firearm.

Based on the foregoing, the adjudication of delinquency is affirmed.