110 N.J. Super. 216 (1969)
265 A.2d 152
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JACOB ROSEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1969.
Decided October 23, 1969.
*217 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Louis Lipschitz, a member of the Pennsylvania Bar, argued the cause for appellant (Mr. Frederick H. Martin, attorney).
Mr. Myron H. Gottlieb, Assistant Prosecutor, argued the cause for respondent (Mr. Martin J. Queenan, County Prosecutor, attorney).
The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal from an order dismissing defendant's petition for post-conviction relief.
Defendant Jacob Rosen was indicted for (1) breaking and entering with intent to commit larceny and (2) possession of burglar's tools. Pending trial Angelo Malandra, his retained attorney, was appointed to the bench. At the trial Ralph Kmiec, Judge Malandra's former law associate, appeared to represent the defendant. Rosen objected to proceeding contending he had retained Malandra and not Kmiec. The trial judge said Rosen must have known for some weeks that Malandra had become a judge, that if he wanted an attorney other than Kmiec he should have engaged one, that the case was one of the oldest in the county and he was not inclined to grant a further adjournment. The judge granted a recess in order that defendant could confer with Judge Malandra, who, he was informed, was on the way to the court house. However, he said it was his "present thinking" that, if necessary, he would appoint Kmiec to *218 serve as defendant's attorney and to proceed with the trial. Following the recess the defendant informed the court that he was ready and willing to proceed, that he did not wish to wait until Judge Malandra's arrival, and that it was all a misunderstanding.
Defendant was convicted by the jury of breaking and entering with intent to commit larceny and acquitted of the charge of possessing burglar's tools. On July 7, 1967 he was sentenced to a State Prison term of 3 to 5 years, which sentence was later reduced to 2 to 3 years. A direct appeal on his behalf was taken to this court by Mr. Kmiec who raised eight grounds for reversal in the brief he filed on October 5, 1967. On March 26, 1968 Mr. Kmiec was relieved as defendant's attorney and thereafter defendant's present attorney filed a supplemental brief and argued the appeal. In the supplemental brief defendant argued that he was entitled to a new trial because the trial court failed to allow him to select an attorney of his own choosing and coerced him to consent to a trial with Kmiec as his attorney.
The defendant's conviction was affirmed by this court which specifically held there was no merit in the contention that he was not permitted to be represented by counsel of his own choice and also found that defendant had been given competent and skillful representation.
Defendant filed a petition for post-conviction relief alleging the same grounds urged on his direct appeal, viz., his right to counsel of his own choosing had been denied; he had been denied the effective assistance of counsel, and the trial court had coerced him to go to trial with counsel not selected by him. The post-conviction hearing judge dismissed the petition without a hearing. The judge ruled that all the points raised by the defendant had been passed on adversely to him on the direct appeal; that the only new matter set forth in the petition and advanced for the first time was defendant's allegation that he had agreed to go to trial because Kmiec had told him his bail would probably be revoked if he insisted on retained counsel other than Kmiec.
*219 On appeal defendant presents the same arguments made below and contends that the post-conviction hearing judge erred in not conducting an evidentiary hearing. The record clearly indicates that the issues raised before the post-conviction judge (except the allegation that Kmiec told him his bail might be revoked) were all passed on by this court on the direct appeal. It is well settled that an issue, even of constitutional dimension, once decided, may not be relitigated. State v. Smith, 43 N.J. 67, 74 (1964); R.R. 3:10A-5 [now R. 3:22-5].
While we agree that it would have been more desirable for the post-conviction hearing judge to have conducted an evidentiary hearing to determine whether Kmiec told the defendant his bail would probably be revoked if he insisted on other trial counsel, we do not consider the judge's failure to do so to constitute prejudicial error. There is no contention that the trial judge had knowledge of such a statement, if in fact it was made, or that the court threatened to take such action. And assuming that such a statement had been made by Kmiec it would not be a ground for a new trial, particularly in view of defendant's subsequent statement to the trial judge that he was ready and willing to proceed with the trial. Cf. State v. Hale, 45 N.J. 255, 266-267 (1965). Moreover, we note that the defendant continued to retain Kmiec as his attorney to prosecute his appeal for a period of eight months following his conviction.
The order dismissing the petition for post-conviction relief is affirmed.
CONFORD, P.J.A.D., dissenting.
The transcript indicates the occurrence of the following when defendant's case was called for trial:
"THE COURT: The next matter is the matter of State of New Jersey versus Rosen and Sincavage.
It the State ready?
MR. KMIEC: If your Honor, please, I appear on behalf of the defendant Rosen. After discussing the matter with Mr. Rosen earlier this morning there arises this problem that he had originally retained *220 Mr. Malandra with whom I was formerly associated to handle this matter, and it is essentially his position that Mr. Malandra is his attorney, not I. And this leaves me in a very embarrassing position with the Court. I have spoken with Mr. Malandra this morning and he is on his way here. I respectfully ask that it be held until his arrival so we can determine where we go from there.
THE COURT: Thank you, Mr. Kmiec I can understand your position in this matter.
Where is Mr. Rosen?
MR. ROSEN: I am here.
THE COURT: I will address my comments to the Prosecutor and Mr. Kmiec and his client, Mr. Rosen.
First of all, Mr. Malandra now, and has been for some weeks. Judge Malandra. He cannot be, obviously as Judge, counsel for any defendant or any party in any Court. Now my present feeling  this comes as a surprise to the Court  my present feeling is this case has to be moved and is going to be moved. It is one of the oldest cases in Burlington County. The offenses are alleged to have been committed back on July 5, 1965.
Now it seems to the Court that any defendant, or Mr. Rosen, knew or must have known that Judge Malandra has been a Judge these number of weeks. If he wanted other counsel, other than Mr. Malandra's associate or partner, he could have and should have engaged such counsel. Now, furthermore, I am not at all impressed as to the sincerity of any such position because I am going to say this: I am not throwing bouquets at anyone. Mr. Kmiec is an experienced and very able attorney. I know that of my own personal knowledge. * * *
So I will, because of Mr. Kmiec's sensitive position  I understand how he must feel about his client's attitude  I will grant a few more minutes since Judge Malandra is going to be good enough and considerate enough to leave his Courtroom in Camden and come up here. I will out of deference to Judge Malandra and Mr. Kmiec grant a few minutes time. But we are not going to, and this is my present thinking, unless Judge Malandra has some compelling consideration, my present thinking is we are not going to postpone this case for a few weeks or a couple of months to allow any defendant more time to get another lawyer. This could have been done in the last month or more.
* * * as I say my present thinking is this case is going to proceed and if the defendant is unwilling for it to proceed I will take the simple expedient as Judge by appointing Mr. Kmiec to serve. I don't see how I have any alternative.
May I ask, Mr. Rosen, is this your position that you want some counsel other than Mr. Kmiec?
MR. ROSEN: At this time I would rather have the few minutes until Mr. Malandra gets here.
THE COURT: Judge Malandra.
MR. ROSEN: Judge Malandra gets here, and discusses it and clears it up.
*221 THE COURT: We will recess for a few minutes. Will counsel stay available? (Whereupon the Court then took a short recess.)

(After recess.)

* * * * * * * *
Let the record reflect that Judge Malandra has not arrived, has not consulted with any of the parties and apparently he is held up.
What is your wish, Gentlemen:
MR. KMIEC: Your Honor, at this point we are ready to proceed.
THE COURT: Mr. Rosen, let me ask you, after further consultation are you willing and ready to proceed in this case?
MR. ROSEN: Yes. It was a misunderstanding.
THE COURT: And you do not wish to wait until Judge Malandra gets here?
MR. ROSEN: No. I take my counsel's word for that. I am ready.
THE COURT: Very well. The case will proceed. * * *." (emphasis by the writer)
The post-conviction petition recites that during the short recess reflected by the foregoing transcript "the defendant conferred with Mr. Kmiec. He was told that his bail would probably be revoked if he insisted on retained counsel or counsel other than Mr. Kmiec. The defendant thereupon agreed to be represented by Mr. Kmiec."
The petition also alleges the following:
"There is no evidence in the record to show that Rosen knew when Mr. Malandra was appointed to a judgeship or that as a judge he was disqualified from representing the defendant. There was no evidence in the record to show when Rosen was advised of the listing of the case or that he had on any prior occasion requested a postponement of the trial.
The defendant-petitioner contends that he was deprived of counsel of his own choosing and effective assistance of counsel; that the Court's statement required him to go to trial with Mr. Kmiec as his counsel; that additional time was needed to adequately prepare for trial; that petitioner did not waive his rights intelligently and voluntarily; that he was exposed to coercion and pressure. It is contended that Rosen's submission to authority is insufficient to establish a waiver." (emphasis by the writer)
On inquiry by this court at oral argument defendant represented to the court through counsel that if afforded a hearing he would testify that he was unaware of Mr. Malandra's appointment to the Bench prior to the trial date and had not previously conferred with Mr. Kmiec.
*222 It is my view that upon the total fact showing thus projected it was incumbent on the post-conviction judge to conduct a factual hearing to determine whether defendant was coerced into going to trial without representation by a prepared attorney of his own choice, necessarily including the subordinate material issue of whether any waiver of his constitutional right to such representation was voluntary. I do not regard the dismissal without hearing by the post-conviction judge to have been compelled by the determination of this court on the appeal from the conviction.
There can be no doubt that the constitutional right to counsel in a criminal case includes the right to counsel of one's own choice. See Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680 (1942); People v. McLaughlin, 291 N.Y. 480, 53 N.E.2d 356 (Ct. App. 1944); United States v. Bergamo, 154 F.2d 31 (3d Cir.1946). Clearly, at least a debatable factual issue as to whether defendant was coerced to agree to go to trial with counsel not of his own selection was presented by the combination of the preliminary remarks of the trial judge when the case was called for trial and the facts asserted by the petition for post-conviction relief. Whether defendant's agreement after the recess to be tried forthwith with the representation of Mr. Kmiec constituted a voluntary waiver of his constitutional right to counsel was necessarily also a debatable factual issue, under the facts now asserted, and the burden of proof rested upon the State to establish voluntariness. Glasser v. United States, supra, 315 U.S., at 70, 62 S.Ct. 457; Burke v. United States, 328 F.2d 399, 402 (1st Cir.1964). If defendant's factual assertions are established at a hearing the fact-finder obviously will be able to find that defendant's ultimate acquiescence as recorded in the transcript was not voluntary.
It is plain to me that considerations of sound post-conviction procedure indicate that defendant should be afforded an evidentiary hearing under the extraordinary circumstances presented. "Where it is not clear that dismissal on the *223 pleadings is the correct determination of the merits of the issues presented by the [post-conviction] application, the doubt should be resolved in favor of further inquiry * * *." Standards Relating to Post-Conviction Remedies, American Bar p. 63 (Approved Draft 1968).
The decision of the Appellate Division on the appeal from the conviction did not decide the issue presented to the post-conviction court. On that appeal the record as it then stood precluded any determination of more than whether the trial transcript demonstrated deprivation of defendant's right to counsel of his choice. While the remarks of the trial judge were of a coercive tenor, the record seemingly demonstrated unequivocal acquiescence by defendant in the directions of the court. Defendant did not, nor could he properly, argue to the appellate court on that appeal that Mr. Kmiec's representations to him during the recess combined with the trial court's initial strictures made his agreement to go to trial involuntary, since the former facts were not in the record then before the court. Consequently the adjudication in the prior appeal was not a "prior adjudication upon the merits" of the specific grounds for relief asserted in the instant post-conviction petition,[1] within a proper application of R.R. 3:10A-5 (Bar of Ground Expressly Adjudicated). Cf. Commonwealth v. Wood, 425 Pa. 612, 230 A.2d 729 (S.Ct. 1967).
The majority says the failure to accord defendant an evidential hearing is not "prejudicial error." It implies that the asserted statement by Kmiec to defendant is irrelevant as not imputable to the trial court. Of course, one cannot know whether such a statement, if made, is imputable to the *224 trial court without hearing Kmiec's testimony. In any event, if defendant in fact went to trial with Kmiec as counsel unwillingly, and only because of the threat, a fact-finder could, in my judgment, find that defendant had been deprived of his right to free choice of counsel, giving due weight to the pressure undoubtedly generated by the court's opening remarks. While defendant's ultimate remarks at the end of this colloquy are evidential against him, they are far from conclusive on the issue of voluntariness. In any case, when reviewing a prima facie wrongful denial of a post-conviction relief hearing on the facts, an appellate court should not in my judgment be astute to find absence of prejudice. This is not the road to effective implementation of the salutary policy underlying the adoption by the Supreme Court of the post-conviction relief procedure in 1964.
Finally, I cannot find material the circumstance alluded to by the majority that defendant permitted Kmiec to represent him on appeal from the conviction. If Kmiec was improperly forced on defendant at trial the constitutional injury was done, and he cannot be regarded as waiving his right to post-conviction relief because of his entirely reasonable decision to make the best of his then situation by having trial counsel handle the appeal in relation to trial error. He did, of course, make a preliminary effort to salvage his constitutional claim through supplemental counsel on the appeal, but I see no element of waiver therein.
NOTES
[1] The statement in the opinion of this court on the prior appeal that "Defendant had been aware for several weeks that his retained counsel had been appointed to the bench and would be unable to represent him at trial" was undoubtedly an inadvertence since there was no evidencial support therefor in the record of the case. The trial court had said defendant "knew or must have known" that fact. But there was no evidence relating to actual knowledge at all.