150 N.J. Super. 351 (1977)
375 A.2d 1191
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FREDERICK GIBSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 1977.
Decided May 12, 1977.
*353 Before Judges BISCHOFF, MORGAN and KING.
Mr. Mark H. Friedman, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
*354 Mr. Philip B. Whitcomb, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
PER CURIAM.
At issue on this appeal are problems related to sentencing for a series of offenses, some covered and some uncovered by the Sex Offender Act, N.J.S.A. 2A:164-3 et seq. Also presented for consideration are defendant's contentions that several of the admittedly covered offenses merge for purpose of sentencing.
Defendant pleaded guilty, pursuant to plea bargain, to the following counts of the following indictments:

Indictment 1547-74
(1) Rape (count 3)
(2) while armed (count 4)
(3) breaking and entry with intent to rape (count 5).

Indictment 1436-74
(1) Impairing the morals of a minor (count 1)
(2) breaking and entry with intent to commit carnal abuse (count 4)
(3) assault with intent to commit carnal abuse (count 5)
(4) private lewdness (count 6).

Indictment 1754-73
(1) Breaking and entry with intent to commit rape (count 1)
(2) assault with intent to commit rape (count 2)
(3) private lewdness (count 3).
In exchange for the foregoing pleas, the State recommended that the other counts contained in the three indictments be dismissed.
Since several of the charges to which defendant pleaded guilty came within the purview of the Sex Offender Act, defendant was sent to the Adult Diagnostic and Treatment Center at Avenel for evaluation. The ensuing report classified him as a compulsive and repetitive sex offender and recommended his commitment to a prescribed institution for treatment. Defendant does not contest the validity of these findings.
*355 Defendant was thereafter sentenced, in accordance with N.J.S.A. 2A:164-6(b), to indeterminate terms at the Diagnostic Unit, New Jersey State Prison at Rahway, on each of the counts to which he had entered a guilty plea. These sentences were made to run consecutively for the most part "so that the maximum period of treatment may be afforded [defendant], if necessary." The only exceptions to the consecutive nature of the sentences were those imposed for the two convictions for private lewdness which were made to run concurrently with those imposed for assault with intent to commit carnal abuse and assault with intent to commit rape, respectively.
About a week later defendant was recalled for resentencing. At that time the trial judge vacated the indeterminate sentences for the three counts charging defendant with breaking and entry because those offenses were not listed in the Sex Offender Act. He then imposed concurrent 5-7-year State Prison terms for those offenses, consecutive, however, to defendant's indeterminate terms at the Diagnostic Unit. In imposing those consecutive terms the judge stated that he believed defendant should pay a penalty for the noncovered offenses and that "if a minimum period of treatment is all that is required, I want him to be eligible for a period of incarceration, and I believe appropriately that it should be in the State Prison."
In his first point of argument defendant challenges the propriety of the consecutive State Prison terms imposed with respect to the noncovered offenses. He contends that although the three breaking and entry offenses do not fall within the scope of the Sex Offender Act, they were nevertheless motivated by the same anti-social impulses which caused him to commit the covered offenses for which he will be receiving treatment. The record of defendant's pleas fully supports his contention that the motivation for the breaking and entries was sexual in nature. The State does not seriously contend otherwise.
*356 The purpose of the Sex Offender Act and its effect on the propriety of sentences consecutive to commitment for treatment thereunder for noncovered offenses stemming from sexually aberrant impulses has been explored at length in State v. Clark, 65 N.J. 426 (1974), and need not be repeated here. Clark mandates vacation of the consecutive terms imposed; the State Prison terms imposed shall, instead, be served concurrently with his commitment for treatment under the Sex Offender Act.
Defendant next contends that he was illegally sentenced under the Sex Offender Act for being armed while committing rape, since that offense is not a listed one under that act. Instead, he suggests a concurrent term or a suspended sentence for this offense. This contention is without merit.
Although being armed in the commission of a covered offense is not itself listed as a covered offense within the scope of the Sex Offender Act, defendant overlooks that "being armed" while in the commission of the offenses enumerated in N.J.S.A. 2A:151-5 is not regarded as an independent substantive offense but merely provides the means for enhancing the punishment for the offenses specified therein when committed while armed. State v. Quinones, 140 N.J. Super. 237, 241 (App. Div. 1976); State v. La Vera, 35 N.J. Super. 256, 258 (App. Div.), cert. den. 350 U.S. 853, 76 S.Ct. 95, 100 L.Ed. 758 (1955). Hence, there was no need to specify this condition for enhancement of punishment in the list of substantive crimes which the Legislature wished to be covered in the Sex Offender Act. The omission of the armed commission of covered offenses should not, therefore, be taken as indicative of the Legislature's intent to exclude such an incident of the covered crime from the scope of the Sex Offender Act.
The aims of that act and the "while armed" statute are not incompatible. That an offense covered by the Sex Offender Act is committed by one who is armed does not remove the offense from coverage of the Act. Its continued *357 coverage embraces as well the aggravated circumstances of its commission and the increased sentence authorized by N.J.S.A. 2A:151-5 can most appropriately be served at the Diagnostic Unit where treatment for the offense, in light of all the circumstances of its commission, can best be administered. The fact that a defendant was armed may suggest the necessity for a longer period in which to treat the disorder which impelled commission of the covered offense because the potential violence threatened by the armed commission of the covered offense enhanced the degree of danger to the public. The two offenses, inextricably connected, should be viewed as one for purposes of the therapy to be applied. No purpose would be served in imposing a non therapeutic sentence for the aggravated circumstances in which a covered offense has been committed. The challenged sentence will not extend defendant's commitment beyond the necessities of the required treatment; he will be eligible for release at any time upon the recommendation that he is capable of making the appropriate adjustment in the community. Insofar as he seeks discharge before the successful termination of his treatment, his position runs afoul of the fundamental purposes of the Sex Offender Act. We, therefore, conclude that the trial judge properly sentenced defendant for being armed in the commission of rape to the Diagnostic Unit.
Defendant next contends that his convictions for impairing the morals of a minor, assault with intent to commit carnal abuse, and private lewdness (Indictment 1436-74), all arising out of the same incident, should merge for the purpose of sentencing. He was sentenced to indeterminate terms at the Diagnostic Unit on each count. The sentences for the assault count and for private lewdness were made to run concurrently with each other but consecutive to the term imposed for impairing the morals of a minor. Defendant contends that all three indeterminate terms should have been merged into a single sentence. We agree.
*358 The State concedes that the private lewdness count merged for sentencing purposes into the count charging impairing the morals of a minor. That leaves only consideration of whether the assault and impairing the morals of a minor charges also merge for purposes of sentencing. The record clearly discloses that the conduct which provided the basis for the assault charge was precisely the same conduct which supported the charge of impairing the morals of a minor. Separate sentences for those two offenses should not have been imposed. State v. South, 136 N.J. Super. 402, 410 (App. Div. 1975), certif. den. 69 N.J. 387 (1976).
A similar argument is made with respect to the sentence imposed for assault with intent to rape and private lewdness (Indictment 1754-73). The indeterminate sentences for these two offenses were, however, made to run concurrently. Since defendant concedes that the two offenses do not merge as a matter of law, we fail to see what he has to gain by the vacation of one of the two concurrent sentences; his record will nonetheless disclose conviction of two separate crimes. In these circumstances, we conclude that the sentences are not excessive since his commitment is not being prolonged by two sentences for the same conduct. Defendant's contentions here are without merit.
Finally, defendant contends, for the first time on appeal (see R. 3:10-3), that his conviction and sentence for breaking and entering with intent to commit carnal abuse must be vacated since there exists no such offense. The statutory reference in the indictment is to N.J.S.A. 2A:94-1, the provision which specifies the intent necessary for a conviction of breaking and entering. The intent to commit carnal abuse is not among the list of offenses which a defendant must intend to commit in order to be held criminally responsible for the breaking and entry.
There is no question but that when defendant offered the factual basis for the plea to this indictment he admitted *359 that he entered with intent to commit rape, and that the factual account of what he did clearly would have supported a charge of breaking and entry with intent to rape. He was, however, not so charged.
We conclude that defendant's contention has merit and the indictment charging this nonexistent crime must be dismissed. Carnal abuse and rape are distinct offenses. Application of Faas, 42 N.J. Super. 31, 35 (App. Div. 1956). The State admits that carnal abuse is not a lesser included offense of rape. In these circumstances, defendant's plea to a crime which does not exist cannot be permitted to stand. See R. 3:7-4. Defendant has not, however, been charged with breaking and entering with intent to rape, a crime to which he admitted guilt. Nothing would prevent the State from now seeking an indictment for this offense.
In summary, defendant's conviction and sentence for breaking and entering with intent to commit carnal abuse (Indictment 1436-74, count 4) is vacated and the third count of Indictment 1436-74 charging that "offense" is dismissed. The concurrent State Prison terms imposed for the remaining two breaking and entry offenses (Indictments 1547-74, count 5, and 1754-73, count 1), made to run consecutive to the commitment at the Diagnostic Unit, will instead run concurrent thereto. The sentence for impairing the morals of a minor (Indictment 1436-74, count 1) is vacated.
Affirmed as modified.