157 N.J. Super. 349 (1978)
384 A.2d 1117
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GERALD MC CAULEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 13, 1978.
Decided March 30, 1978.
*351 Before Judges MICHELS, PRESSLER and BILDER.
Mr. H. Richard Chattman, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Mark Paul Cronin, Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. William F. Hyland, former Attorney General of New Jersey).
PER CURIAM.
This is an appeal from sentences for sex offenses and for murder imposed after a plea of guilty pursuant to agreement. Defendant contends one plea was unsupported by the facts, others merged and the life sentence imposed for murder was manifestly excessive.
Defendant's pleas relate to two separate incidents involving an assault on a 14-year-old girl and the murder of a 9-year-old.
With respect to the incident regarding the 14-year-old, defendant pleaded and was sentenced pursuant to agreement as an habitual sex offender to an indeterminate term not to exceed 12 years for assault with intent to rape (N.J.S.A. 2A:90-2) and a consecutive indeterminate term not to exceed 3 years for impairing the morals of a child (N.J.S.A. 2A:96-3).
With respect to the incident regarding the 9-year-old, defendant pleaded and was sentenced pursuant to agreement as an habitual sex offender to a consecutive indeterminate term not to exceed 30 years for carnal abuse (N.J.S.A. 2A:138-1) and a consecutive indeterminate term not to exceed 12 years for assault with intent to rape (N.J.S.A. *352 2A:90-2). Defendant also pleaded and was sentenced pursuant to agreement to a concurrent life sentence for murder and a concurrent term of 8 to 10 years for murder while armed (N.J.S.A. 2A:151-5).
The aggregate of the sentences thus imposed was an indeterminate term not to exceed 45 years for the sex offenses, with concurrent terms of life imprisonment and 8 to 10 years for armed murder.
On appeal defendant raises various issues regarding the total sentence imposed. He contends: (1) the additional sentence for being armed with a "garrote" during the commission of the murder should be vacated because it does not come within the purview of N.J.S.A. 2A:151-5; (2) the conviction for impairing the morals of a minor merges into the conviction for assault with intent to rape the 14-year-old; (3) the conviction for assault with intent to rape the 9-year-old merges into either the conviction for carnal abuse or the conviction for murder, and (5) the sentence of life imprisonment for murder is manifestly excessive.
The record reveals that defendant sexually molested the 9-year-old girl in his apartment. He then took a piece of string from a kitchen drawer, wrapped it around her neck, pulled it tight with all his might, and tied it in several knots, eventually causing her death.
N.J.S.A. 2A:151-5 provides:
Any person who commits or attempts to commit * * * murder * * * when armed with or having in his possession any firearm, whether or not capable of being discharged or dangerous instrument of any kind, usually known as a black jack, sling shot, slung shot, billy, sandclub, sandbag, bludgeon, metal knuckles, dagger, dirk, dangerous knife or knife as defined in chapter 5 of the laws of 1952 (C. 2A:151-62), razor, stilletto, cestus, or similar band studded with metal for fitting on the knuckles, loose wool imbedded with metal filings, razor blades imbedded in wood slivers, handcuffs, iron claws, grenade, bomb or other explosive or any object or device, whether toy or imitation, having an appearance similar to or capable of being mistaken for any of the foregoing, shall, in addition to the punishment provided for the crime, be punished on a first conviction by imprisonment for not less than one nor more than 10 years; * * *.
*353 Defendant asserts that the legislative intendment of the statute is that an additional punishment is authorized only when an individual is armed with either (1) one of the dangerous instruments specifically enumerated; or (2) treating the enumeration as a listing of generic classifications, an object reasonably falling within one of the enumerated classes of dangerous instruments; or (3) an object similar to, or capable of being mistaken for, one of the enumerated instruments, or one falling within a class of such instruments. Therefore, a piece of string, albeit used in a dangerous manner, would not come within the purview of the statute, not being an object listed or reasonably falling into one of the classes of weapons enumerated. We agree.
Penal statutes are to be strictly construed, but such construction must not be unduly narrow or artificial or disregard manifest legislative intention. State v. Tims, 129 N.J. Super. 399, 401 (App. Div. 1974), certif. den. 66 N.J. 326 (1974); State v. Rucker, 46 N.J. Super. 162, 167 (App. Div. 1957), certif. den. 25 N.J. 102 (1957). The rule of strict construction does not prohibit a court from reading a statute in relation to the mischief and evil sought to be suppressed, and its clear implication and intendment is not to be denied. State v. Angelo's Motor Sales, 125 N.J. Super. 200, 207 (App. Div. 1973), aff'd sub nom. State v. Parmigiani, 65 N.J. 154 (1974). However, a penal statute shall not be extended by tenuous interpretation beyond the fair meaning of its terms lest it be applied to persons or conduct beyond the contemplation of the Legislature. State v. Provenzano, 34 N.J. 318, 322 (1961).
By a fair reading of its terms, N.J.S.A. 2A:151-5 proscribes, during the commission of the listed crimes, possession of certain weapons which fall into specified categories. While it does not provide a detailed list of every weapon which might fall into one of those categories, it does list under generic terms the most common designation of the kinds of weapons, or dangerous instruments, the possession *354 of which is prohibited. See State v. Tims, supra, 129 N.J. Super. at 402-403; cf. State v. Witcher, 58 N.J. Super. 464, 471 (App. Div. 1959). The statute does not proscribe the possession during a crime of any dangerous object whatsoever, as the State suggests. While there may be a salutary purpose in having such a law, the Legislature has not provided such a prohibition. If it had intended this to be the case, it could easily have so stated instead of compiling an extensive list of weapons proscribed.
In the instant case a piece of string, although used to commit a murder, is neither one of the objects enumerated nor one reasonably falling into any of the specified categories. Therefore, the additional penalty imposed under N.J.S.A. 2A:151-5 must be vacated.
Defendant next contends that his convictions for impairing the morals of a minor and assault with intent to rape merge because they arose out of the same incident with the 14-year-old. We are in accord. The record clearly reveals that the conduct which provided the basis for both charges was precisely the same. In essence, defendant attacked the child in an attempt to have sexual intercourse with her. In doing so he struck her, pulled down her pants and put his hand on her vagina. Such a single criminal transaction requires that only one conviction and sentence be imposed. State v. Whittle, 52 N.J. 407, 411-412 (1968); State v. South, 136 N.J. Super. 402, 410-411 (App. Div. 1975), certif. den. 69 N.J. 387 (1976); State v. Gibson, 150 N.J. Super. 351, 358 (App. Div. 1977); cf. State v. Moran, 73 N.J. 79 (1977).
Similarly, defendant argues that his conviction for assault with intent to rape the 9-year-old merges into his conviction for carnal abuse of her. The factual basis for defendant's plea to these counts is that he laid on top of her. He put his penis on her vagina and rubbed his body against hers. There was no intercourse and he hit her when she screamed. Defendant put her in a closet for a short while and then repeated the same act a second time. *355 We do not feel that the placing of the child in the closet created a hiatus sufficient to break this into two separate incidents. Tested by the "flexibility of approach" standards set forth in State v. Best, 70 N.J. 56, 62-63 (1976), this was all part of one continuing episode. See the discussion in State v. Whipple, 156 N.J. Super. 46 (App. Div. 1978) The conviction for assault with intent to rape merges into the conviction for carnal abuse.
Having concluded that the assault with intent to rape merges into the carnal abuse, we need not consider defendant's further contention that the conviction for assault with intent to rape merges into the murder conviction.
Lastly, defendant contends that his sentence of life imprisonment for the murder is manifestly excessive and should be reduced to a minimum/maximum term of years as for second degree murder. The crux of his argument is that he may be discharged after successful treatment from his sex offender commitment before he is eligible for parole on the murder sentence. He alleges that the murder was intimately connected with his aberrant sexual conduct and, therefore, once cured and released as a sexual offender any additional incarceration would be gratuitous and purely punitive with no justification.
We initially note that the sentence for murder was made concurrent to sex offender commitment and not consecutive. Compare State v. Clark, 65 N.J. 426 (1974); State v. Gibson, supra, 150 N.J. Super. at 355-356. A lesser sentence for a fixed period of years, as suggested by defendant, would not eliminate the possibility that he might be released from sex offender commitment before eligible for parole on the murder charge. The converse is also possible. If and when such a situation materializes, it is a factor for the State Parole Board to consider to prevent any undesirable detention. State v. Clark, supra, 65 N.J. at 436-437. Considering the sentence was imposed pursuant to a plea agreement and the heinous nature of the crime, *356 we find the sentence is not manifestly excessive or unduly punitive, and there are no compelling circumstances warranting our disturbing it. State v. Spinks, 66 N.J. 568, 573 (1975).
In summary, the judgments of conviction of the first count of Indictment 2004-74 (being armed during the commission of murder), the third count of Indictment 1943-74 (impairing the morals of a minor), and the fifth count of Indictment 1963-74 (assault with intent to rape) and the sentences imposed thereon are vacated. The judgment of conviction on all other counts and the sentences imposed thereon are affirmed. This results in an aggregate sentence of an indeterminate term with a 42-year maximum for the sex offenses with a concurrent sentence of life imprisonment for murder.
Affirmed as modified.