Frederick GIBSON, C–535, Appellant,

v.

Sally S. SCHEIDEMANTEL, Superintendent of Avenel Diagnostic Center, and Irwin I. Kimmelman, Attorney General of the State of New Jersey, and William H. Fauver.

No. 85–5750.

United States Court of Appeals, Third Circuit.

Argued Nov. 3, 1986.

Decided Nov. 17, 1986.

**137**

Richard Couglin (argued), Asst. Federal Public Defender, Camden, N.J., for appellant.

W. Cary Edwards, Atty. Gen. of N.J., Catherine A. Foddai (argued), Deputy Atty. Gen., Div. of Criminal Justice, Appellate Section, Trenton, N.J., for appellees.

Before SLOVITER and STAPLETON, Circuit Judges, and GREEN, District Judge *.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### Facts

Petitioner, Frederick Gibson, appeals from the order of the District Court for the District of New Jersey denying his petition for a writ of habeas corpus. The procedural history of the case is complex, and we set forth briefly only the portions relevant to this appeal.

Gibson, pursuant to a plea bargain, entered pleas of guilty to certain charges contained in three New Jersey state indictments arising out of three unrelated incidents. He pleaded guilty to one count each of rape, armed rape, assault with intent to rape, impairing the morals of a minor, breaking and entering with intent to carnally abuse, and assault with intent to carnally abuse, and two counts each of private lewdness and breaking and entering with intent to commit rape. Gibson was ultimately sentenced to consecutive indeterminate terms at the Diagnostic Unit, New Jersey State Prison at Rahway under the

New Jersey Sex Offender Act, N.J.S.A. 2A:164–3 to 164–13 (repealed 1979), and to two consecutive terms and one concurrent term of five to seven years to be served at the New Jersey State Prison.

On Gibson's appeal from the convictions and sentences, the New Jersey Superior Court, Appellate Division, affirmed all but one of the convictions, vacated the conviction for breaking and entering with intent to carnally abuse, required the prison terms on the other two breaking and entering convictions to be served concurrently with the indeterminate term sentences, held that the private lewdness count merged for sentencing with the counts charging impairing the morals of a minor and assault with intent to commit carnal abuse, and modified the length of the indeterminate terms. *State v. Gibson,* 150 N.J. Super. 351, 375 A.2d 1191 (App.Div.1977). The New Jersey Supreme Court denied certification on July 12, 1977. *State v. Gibson,* 75 N.J. 20, 379 A.2d 251 (1977).

Gibson filed a petition for post-conviction relief seeking to withdraw his guilty pleas on the ground that he was not guilty of one of the crimes to which he pled guilty but had entered the plea on counsel's instructions. He also claimed that the consecutive sentences imposed were improper. The Law Division held that the sentencing contention had been resolved on direct appeal and interpreted Gibson's remaining claim to constitute a claim of ineffective assistance of counsel, which it denied. The New Jersey Superior Court, Appellate Division, affirmed the denial of post-conviction relief.

Gibson then filed his first petition for a writ of habeas corpus in federal court, asserting four claims. The district court denied Gibson's petition on the ground that he had failed to exhaust available state remedies both because he had not presented three of the claims in his request for post-conviction relief to any state court and because he did not appeal the Appellate

* Hon. Clifford Scott Green, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Division's adverse decision to the state Supreme Court.

Gibson then filed a second state court petition for post-conviction relief, this time alleging the same four claims he had raised in his federal habeas petition. The petition was denied by the Superior Court, Law Division. Gibson's request for appointment of counsel in order to appeal the denial of post-conviction relief was denied by that court, and he did not file an appeal.

Gibson then filed his second petition for a writ of habeas corpus in federal court. Gibson asserted the same four grounds for relief he raised in his earlier petition: (1) he was subject to a suggestive lineup; (2) his two remaining convictions for breaking and entering should have been merged with his sex crime convictions; (3) he did not receive adequate *Miranda* warnings; and (4) ineffective assistance of counsel. He also included a previously unarticulated claim that counsel failed to protect his juvenile status. The district court denied the petition on the ground that Gibson had failed to exhaust his state remedies because he had not appealed the denial of his second motion for post-conviction relief and because he had never raised in a state court the ineffective assistance of counsel claim with respect to his juvenile status. Gibson appeals from the district court's order.

### Discussion

 A state prisoner must exhaust available state remedies before filing a petition for habeas corpus in federal court. 28 U.S.C. §§ 2254(b) and (c); *Rose v. Lundy*, 455 U.S. 509, 515–20, 102 S.Ct. 1198, 1201–04, 71 L.Ed.2d 379 (1982); *Santana v. Fenton*, 685 F.2d 71, 73 (3d Cir.1982), *cert. denied*, 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983). The requirement is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *Picard v. Connor*, 404 U.S. 270, 275, 92

S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Brown v. Cuyler*, 669 F.2d 155, 157 (3d Cir.1982). An exception is made to the exhaustion requirement only where the petitioner has no opportunity to obtain redress in the state court or where the state corrective process is so deficient as to render any effort to obtain relief futile. *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam). *See* 28 U.S.C. § 2254(b). Further, a "mixed petition" which includes both exhausted and unexhausted claims does not satisfy the exhaustion requirement. *Rose v. Lundy*, 455 U.S. at 522, 102 S.Ct. at 1205; *Santana v. Fenton*, 685 F.2d at 73.

We address first Gibson's claim that his counsel failed to protect his juvenile status, which the district court held was an unexhausted claim. Gibson argues that this claim is "merely an element of Petitioner's overall assertion of ineffective assistance of counsel," that it was subsumed in his overall claim, and that therefore it has been litigated in the state courts to the same extent as his earlier ineffective assistance of counsel claim.[1]

 In order to satisfy the exhaustion requirement, the claims included in a federal petition must be fairly presented to the state courts. *Picard v. Connor*, 404 U.S. at 275, 92 S.Ct. at 512. This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. *Id.* at 278, 92 S.Ct. at 513–14; *Santana v. Fenton*, 685 F.2d at 74. Mere reliance of state and federal claims on the same constitutional provision does not render the two claims substantially equivalent. *See Brown v. Cuyler*, 669 F.2d 155 (3d Cir.1982); *Zicarelli v. Gray*, 543 F.2d 466 (3d Cir.1976). Both the legal theory and the facts on which a federal claim rests must have been presented to the state courts. *See Picard v. Connor*, 404 U.S. at 277, 92 S.Ct. at 513; *Brown v. Cuyler*, 669 F.2d at 158–61.

---

**1.** It is unclear from the papers before us whether this claim allegedly affects Gibson's conviction or sentence or both. Counsel in this court have been unable to amplify the bare allegation.

■ The transcripts of the hearings in state court show that Gibson's ineffective assistance of counsel claim presented to the state courts asserted that counsel instructed him to plead guilty to offenses which he claims not to have committed, that he did not receive the sentences which his counsel led him to believe he would receive if he pled guilty, and that, in light of his mental capacity, the plea bargain was inadequately explained by counsel.

The New Jersey courts could not have been expected, *sua sponte*, to consider Gibson's ineffective assistance of counsel claim to include a claim that counsel failed to protect his juvenile status, and it was therefore not fairly presented to the state courts. *See Picard v. Connor*, 404 U.S. at 277, 92 S.Ct. at 513. Because the state courts were never given an opportunity to consider this claim, it has not been exhausted.

■ Gibson argues that even if his juvenile status claim has not been previously adjudicated, he is precluded from an examination of the merits of his claim in New Jersey courts because of his failure to raise the issue on either direct appeal, N.J.Ct.R. 3:22–4, or within five years of entry of his conviction, N.J.Ct.R. 3:22–12.

New Jersey Rule 3:22–4 provides that relief from its bar of grounds not raised in prior proceedings may be granted where the court finds: "(a) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (b) that enforcement of the bar would result in fundamental injustice; or (c) that denial of relief would be contrary to the Constitution of the United States or the State of New Jersey."

Gibson argues that a motion for relief under 3:22–4 would be futile, relying on several New Jersey cases. However, in *Santana v. Fenton*, 685 F.2d at 71, we declined to hold that the New Jersey courts would not grant relief under Rule 3:22–4. *Id.* at 74–75 (discussing 3:22–4(c)). We stated that "[a]t least where a fair reading of the state post-conviction relief statute indicates that a state court might well entertain ... claims not raised in prior proceedings, and in the absence of a state court decision clearly foreclosing such a result, we cannot conclude that petitioner has demonstrated compliance with the exhaustion requirement." *Id.* at 75. In view of the comity interests underlying the exhaustion requirement, we likewise decline to find that the New Jersey courts would not allow relief, if warranted, in this case.

■ With respect to the five-year limitation imposed by New Jersey Rule 3:22–12, we note that the Rule itself provides that the time bar may be relaxed for excusable neglect. Gibson refers us to New Jersey cases where the courts did not find excusable neglect, and argues that he is foreclosed from bringing his claim in New Jersey courts. None of these cases holds that New Jersey courts will not find excusable neglect under N.J.Ct.R. 3:22–12, if warranted. Gibson has not explained in his presentation to this court the reason for his failure to raise the juvenile status claim within the requisite five years. We have no basis for assuming that the express provision for relief from the procedure time bar cannot or would not be available to Gibson.

■ We conclude that Gibson's claim that counsel failed to protect his juvenile status has not been presented to the New Jersey courts and that he has not demonstrated that he has exhausted available state remedies with respect to that claim. Since his inclusion of the unexhausted claim in his petition renders his claim a mixed petition, we hold that the district court did not err in dismissing the petition for a writ of habeas corpus.

■ Gibson has the option to resubmit his petition with only exhausted claims, *Rose v. Lundy*, 455 U.S. at 520, 102 S.Ct. at 1204. Therefore, in the interests of judicial efficiency, we address the district court's holding that Gibson failed to exhaust the other claims presented in his petition. The district court held that consideration of those claims was barred because Gibson failed to appeal the Law Division's denial

of his second petition for post-conviction relief.

■ Although New Jersey requires that appeals from the denial of a petition for post-conviction relief must be filed within 45 days of the entry of that judgment, N.J.Ct.R. 2:4–1, and Gibson failed to do so, it is not clear that Gibson's appeal at this time would be futile, as Gibson contends. In *State v. Altman,* 181 N.J.Super. 539, 541, 438 A.2d 576, 577 (App.Div.1981), the Superior Court of New Jersey, Appellate Division, held that an indigent criminal defendant would have leave to file a late notice of appeal nunc pro tunc if the defendant asked either private counsel or a public defender, within time, to file such a notice for him.

Gibson's request for reconsideration of the denial of his request for post-conviction relief was denied on June 26, 1985. In a letter to a judge of the Superior Court dated July 3, 1985, Gibson requested appointment of counsel so that he could appeal the denial of post-conviction relief. Gibson's request for appointed counsel was denied. In light of Gibson's letter to the court informing it of his intention to appeal and the denial of his request for appointed counsel to whom he might address his desire to appeal, we decline to hold that the New Jersey courts would not allow Gibson to file an untimely appeal under the precedent of *State v. Altman.* Gibson has made a facially tenable argument based on his "severely limited mental capacity," in that he can neither read nor write, has an I.Q. of approximately 66, and was denied counsel to appeal. We are reluctant to hold that the New Jersey Supreme Court would not consider these factors in deciding whether to accept an appeal nunc pro tunc.

■ Gibson argues, however, that even if he could overcome the 45–day time limitation, there is no realistic possibility that his appeal would be successful, and hence it would be futile for him to return to the state courts. He bases his futility argument with respect to the lineup and *Miranda* claims on the New Jersey cases holding that the court will not entertain a claim on a post-conviction petition that could have been raised but was not raised on direct appeal. *See, e.g., State v. Cerbo,* 78 N.J. 595, 397 A.2d 671 (1979); *State v. Trantino,* 60 N.J. 176, 287 A.2d 177 (1972). *See also* N.J.Ct.R. 3:22–4. As we noted above, we will not assume New Jersey would not grant relief in an appropriate circumstance. *See supra,* at 139–140.

■ Gibson's argument of futility with respect to his other claims is based on New Jersey's refusal to consider successive post-conviction petitions which are duplicative of issues previously raised and adjudicated. N.J.Ct.R. 3:22–5; *see, e.g., State v. Rosen,* 110 N.J.Super. 216, 265 A.2d 152 (App.Div.1969), *aff'd per curiam,* 56 N.J. 89, 265 A.2d 142 (1970).[2] Although Rule 3:22–5 contains no exception to its provision that a prior adjudication upon the merits is conclusive in any post-conviction proceeding, in fact the New Jersey courts have relaxed that rule where they considered the issues to be of substantial import. *See State v. Clark,* 65 N.J. 426, 437–38, 323 A.2d 470, 476 (1974); *State v. Johns,* 111 N.J.Super. 574, 576, 270 A.2d 59, 60 (App. Div.1970), *cert. denied,* 60 N.J. 467, 291 A.2d 17, *cert. denied,* 409 U.S. 1026, 93 S.Ct. 473, 34 L.Ed.2d 319 (1972).

**2.** To the extent that Gibson's claim of ineffective assistance of counsel is now considered by him to encompass also a contention that trial counsel failed to protect his juvenile status, that aspect of his claim has not been previously adjudicated. Furthermore, there is some confusion as to the scope of the prior adjudication with respect to the second claim raised in Gibson's petition. The Superior Court, Law Division, in its denial of Gibson's second petition, stated that his claim that the three convictions for breaking and entering should have been merged with the sex crime convictions "was dealt with by the Appellate Division on May 12, 1977, and [the] sentence was actually corrected." App. at 201. It is not clear from the record if Gibson's claim is that the remaining two breaking and entering counts should have merged for sentencing purposes or that the crimes of breaking and entering merged with the sex crimes, making the convictions improper. In view of our disposition, we need not resolve this issue.

In effect, Gibson is really arguing that it is so unlikely that the New Jersey courts would reach the merits of his state appeal that he has shown the requisite futility. However, if we permitted such a prediction to constitute the type of futility which would allow a federal court to excuse exhaustion, we would undermine the exhaustion doctrine. Although exhaustion is often cumbersome, and may appear to require duplicative expenditure of judicial resources on claims that frequently have no merit, the doctrine is premised on firmly entrenched principles of comity. We are not free to disregard those principles for the sake of expediency or occasional efficiency.

In sum, we find that Gibson has failed to exhaust available state remedies before bringing his federal petition. For the foregoing reasons, we will affirm the decision of the district court.