**Samuel D. COOPER, Petitioner,**

v.

**Robert SNYDER, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.**

**Civ. A. No. 94–688–SLR.**

United States District Court,
D. Delaware.

June 14, 1995.

Samuel D. Cooper, pro se.

Loren C. Meyers, Deputy Atty. General, Dept. of Justice, Wilmington, DE, for respondents.

## MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondents have filed their answer, contending that the petition should be denied and dismissed on various grounds. This matter is ripe for judicial action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 1989, a state grand jury charged petitioner with three counts of first degree unlawful sexual intercourse. (D.I. 10 at 1) After a three-day trial, a jury convicted petitioner on all counts. On December 18, 1990, the Superior Court sentenced petitioner to a total of 45 years imprisonment. On direct appeal, petitioner's convictions were affirmed by the Delaware Supreme Court. *Cooper v. State,* 608 A.2d 726 (Del.1992). (D.I. 10 at 1–2) This petition followed.

## II. DISCUSSION

■ The requirement that a petitioner exhaust all available state remedies prior to seeking federal habeas corpus relief is statutorily mandated under 28 U.S.C. § 2254(b) and (c). Comity is the rationale underlying the exhaustion requirement, which allows state courts the first opportunity to pass on alleged defects in the criminal proceedings leading to the conviction at issue. Recognizing that principles of federal-state comity must restrain unnecessary "[f]ederal intrusions into state criminal trials," *Engle v. Isaac,* 456 U.S. 107, 128, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982), the United States Supreme Court has held that the exhaustion requirement must be "rigorously enforced." *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982); *see also Santana v. Fenton,* 685 F.2d 71, 77 (3d Cir. 1982), *cert. denied,* 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983).

■ In order to exhaust state remedies, a petitioner must have raised in the state courts the factual and legal premises of the claims for relief he asserts in the federal proceeding. *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986).

"It is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." The claim must be substantially equivalent to that litigated in the state court. Both the legal theory and the facts supporting a federal claim

must have been submitted to the state court.

*O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d Cir.1987) (citations omitted).

In his habeas petition, plaintiff raises four specific complaints. First, petitioner claims the Superior Court erred by admitting evidence that the victim's hymen was not intact. Second, petitioner claims the court improperly excluded evidence of the victim's prior sexual activity. Third, petitioner challenges the court's admission of the victim's medical records. Fourth, petitioner alleges he was convicted on insufficient evidence. (D.I. 3, *passim;* D.I. 13)

■ All four of petitioner's grounds of complaint are predicated on alleged constitutional violations. When petitioner presented his appeal to the Delaware Supreme Court, however, he based his challenge to the Superior Court's rulings on the admission or exclusion of the evidence referenced in the first three grounds solely on state evidentiary rules. (*See* D.I. 9 at Appellant's Opening Brief) He has therefore not exhausted state remedies on these claims. *Duncan v. Henry,* — U.S. ——, ——, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995).

■ Petitioner has an available state remedy, in Superior Court Rule 61, which can be used to present his unexhausted claims to both the Delaware Superior and Supreme Courts. It appears that petitioner's efforts to seek further state court review of his conviction will not necessarily be futile. Although petitioner's motion for postconviction relief clearly would be time-barred by Rule 61(i)(1), and although failure to raise a claim in a previous postconviction motion bars consideration of the claim in a subsequent motion under Rule 61(i)(2), these "bars to relief ... shall not apply to ... a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." Delaware Superior Court Rule 61(i)(5). In addi-

tion, a determination that the motion is barred by any provision of Rule 61(i) is appealable to the Delaware Supreme Court, at which time petitioner can present these claims to that court. *See Reynolds v. Ellingsworth,* 843 F.2d 712, 723–24 (3d Cir.), *cert. denied,* 488 U.S. 960, 109 S.Ct. 403, 102 L.Ed.2d 391 (1988).

Since a fair reading of the state's postconviction rules indicates that the Delaware courts might well entertain petitioner's unexhausted claims, and given the apparent absence of any state court decision clearly foreclosing such a result, petitioner cannot demonstrate that he does not have an available state remedy, which in turn justifies dismissal on exhaustion grounds. *Gibson,* 805 F.2d at 139–40; *Santana,* 685 F.2d at 74–75.

## III.  CONCLUSION

■ Petitioner's failure to exhaust state remedies available to present his constitutionally-based improper admission and exclusion claims compels the court to dismiss the petition unless petitioner voluntarily dismisses these unexhausted claims. *Rose,* 455 U.S. at 520–21, 102 S.Ct. at 1204–05; *McMahon v. Fulcomer,* 821 F.2d 934, 940 (3d Cir.1987). If petitioner chooses to dismiss the unexhausted claims, he must so inform the court within fifteen days of today.[1] If petitioner does not so respond within fifteen days, the court will enter an order dismissing the petition and denying the writ without prejudice to refile after petitioner exhausts available state remedies.

An order consistent with this memorandum opinion shall issue.

---

1. Petitioner should note in this regard, however, that by amending the petition to delete any unexhausted claims, this and any subsequent federal habeas action filed by petitioner may still be subject to dismissal as abusive of the writ pursuant to 28 U.S.C. § 2254 Rule 9(b). *Rose,* 455 U.S. at 520–21, 102 S.Ct. at 1204–05; *McMahon,* 821 F.2d at 940.