John H. BROCKENBROUGH, Petitioner,

v.

Robert SNYDER, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.

Civ. A. No. 94–686–SLR.

United States District Court, D. Delaware.

June 15, 1995.

John H. Brockenbrough, pro se.

Loren C. Meyers, Deputy Atty. Gen., Dept. of Justice, Wilmington, DE, for respondents.

## MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondents have filed their answer, contending that the petition should be denied and dismissed on various grounds. This matter is ripe for judicial action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 1986, a Delaware Superior Court jury convicted petitioner on one count of delivery of cocaine. (D.I. 2 at 1; D.I. 8 at 1) The Superior Court subsequently sentenced petitioner to eight years imprisonment, suspended after five years of imprisonment for three years probation. (*Id.*) On direct appeal, the Delaware Supreme Court affirmed the conviction. *Brokenbrough v. State,* 522 A.2d 851 (Del.1987). Petitioner subsequently applied for post-conviction relief. The Superior Court denied this motion, and the Delaware Supreme Court affirmed the denial. *Brokenbrough v. State,* No. 8, 1990, 1990 WL 72536 (Del. May 7, 1990). After the latter decision, petitioner filed a habeas corpus petition in this court, but the petition was de-

nied. *Brokenbrough v. Redman,* Civ. No. 90–407–RRM (D.Del. Feb. 26, 1993), *appeal dismissed,* No. 93–7341 (3d Cir. Feb. 3, 1994). In September 1993, petitioner again moved for state post-conviction relief. The state Superior Court denied the motion on the ground that the claims were procedurally barred. On appeal, the Delaware Supreme Court affirmed. *Brokenbrough v. State,* No. 309, 1994, 1994 WL 605435 (Del. Oct. 24, 1994). Petitioner subsequently filed the petition presently before the court.

## II. DISCUSSION

■ The requirement that a petitioner exhaust all available state remedies prior to seeking federal habeas corpus relief is statutorily mandated under 28 U.S.C. § 2254(b) and (c). Comity is the rationale underlying the exhaustion requirement, which allows state courts the first opportunity to pass on alleged defects in the criminal proceedings leading to the conviction at issue. Recognizing that principles of federal-state comity must restrain unnecessary "[f]ederal intrusions into state criminal trials", *Engle v. Isaac,* 456 U.S. 107, 128, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982), the United States Supreme Court has held that the exhaustion requirement must be "rigorously enforced." *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982); *see also Santana v. Fenton,* 685 F.2d 71, 77 (3d Cir. 1982), *cert. denied,* 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed.2d 968 (1983).

■ In order to exhaust state remedies, a petitioner must have raised in the state courts the factual and legal premises of the claims for relief he asserts in the federal proceeding. *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986).

> "It is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." The claim must be substantially equivalent to that litigated in the state court. Both the legal theory and the facts supporting a federal claim must have been submitted to the state court.

*O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d Cir.1987) (citations omitted).

In his habeas petition, plaintiff raises nine specific complaints. First, petitioner claims that because there is no record that an arrest warrant was issued for him by a Justice of the Peace Court, neither the Justice of the Peace Court nor the Superior Court had jurisdiction over his case. (D.I. 2 at ¶ 12A) Second, petitioner claims that there is no "complaint/warrant issued to support probable cause for [his] seizure on May 30, 1985." (*Id.* at ¶ 12B) Third, petitioner contends that he "was not fully informed of the nature and cause of the accusation against him, prior to trial," because neither he nor his counsel received a copy of the indictment until after trial. (*Id.* at 5–A) Fourth, petitioner claims that the Superior Court lacked jurisdiction because "proof for the commencement of [the] action [does not] appear on the face of the record." (*Id.*) Fifth, petitioner contends that the Superior Court "abused its discretion" when it denied petitioner's post-conviction relief motion as procedurally barred, because the Superior Court lacked jurisdiction. (*Id.* at 5–A–B) Sixth, petitioner claims that the Superior Court erred in ruling that petitioner was properly indicted, because, since petitioner was not served with the indictment, the court lacked personal jurisdiction. (*Id.* at 5–B) Seventh, petitioner claims that the Superior Court and Delaware Supreme Court erred in failing to consider his jurisdictional objections in connection with their consideration of his post-conviction relief motion. (*Id.* at 5–B–C) Eighth, petitioner claims that the Superior Court erred in denying his post-conviction relief motion as procedurally barred "to the extent it raises new grounds," including his jurisdictional claim. (*Id.* at 5–C) Ninth, petitioner contends that the Delaware Supreme Court abused its discretion in affirming the Superior Court's denial of his post-conviction relief motion. (*Id.* at 5–D)

■ Five of petitioner's claims—claims 5–9—allege deficiencies in the state courts' adjudication of his Rule 61 post-conviction relief motion. Allegations of error in state post-conviction relief proceedings cannot serve as the basis for federal habeas relief. *See, e.g., Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir.1988). Therefore, the court will deny the petition as to these claims.

Moreover, it appears to the court that only two of petitioner's remaining four claims—claims 1 and 2—have clearly been presented to the state courts, and that therefore petitioner has not exhausted state remedies on claims 3 and 4.[1] *Duncan v. Henry,* —— U.S. ——, ——, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995). Petitioner has an available state remedy, in Superior Court Rule 61, which can be used to present his unexhausted claims to both the Delaware Superior and Supreme Courts. It appears that petitioner's efforts to seek further state court review of his conviction will not necessarily be futile. Although petitioner's motion for post-conviction relief clearly would be time-barred by Rule 61(i)(1), and although failure to raise a claim in a previous post-conviction motion bars consideration of the claim in a subsequent motion under Rule 61(i)(2), these "bars to relief ... shall not apply to ... a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." Delaware Superior Court Rule 61(i)(5). In addition, a determination that the motion is barred by any provision of Rule 61(i) is appealable to the Delaware Supreme Court, at which time petitioner can present these claims to that court. *See Reynolds v. Ellingsworth,* 843 F.2d 712, 723–24 (3d Cir.), *cert. denied,* 488 U.S. 960, 109 S.Ct. 403, 102 L.Ed.2d 391 (1988).

Since a fair reading of the state's post-conviction rules indicates that the Delaware courts might well entertain petitioner's unexhausted claims, and given the apparent absence of any state court decision clearly foreclosing such a result, petitioner cannot demonstrate that he does not have an available state remedy, which in turn justifies dismissal on exhaustion grounds. *Gibson,* 805 F.2d at 139–40; *Santana,* 685 F.2d at 74–75.

## III. CONCLUSION

Petitioner's failure to exhaust state remedies available to present claims 3 and 4 compels the court to dismiss the petition unless petitioner voluntarily dismisses these unexhausted claims. *Rose,* 455 U.S. at 520–21, 102 S.Ct. at 1204–05; *McMahon v. Fulcomer,* 821 F.2d 934, 940 (3d Cir.1987). If petitioner chooses to dismiss the unexhausted claims, he must so inform the court within fifteen days of today.[2] If petitioner does not so respond within fifteen days, the court will enter an order dismissing the petition and denying the writ without prejudice to refile after petitioner exhausts available state remedies.

---

1. The court notes that respondents have argued that all four of these claims (i.e., claims 1–4) were presented to this court in petitioner's 1990 habeas petition and are barred by the successive petition provision of 28 U.S.C. § 2254 Rule 9(b). (D.I. 7 at 9–12) Should petitioner either dismiss his unexhausted claims or re-present claims 1–4 in any future petition, he must be prepared to respond to this contention.

2. Petitioner should note in this regard, however, that by amending the petition to delete any unexhausted claims, this or any subsequent federal habeas action filed by petitioner may still be subject to dismissal as abusive of the writ pursuant to 28 U.S.C. § 2254 Rule 9(b). *Rose,* 455 U.S. at 520–21, 102 S.Ct. at 1204–05; *McMahon,* 821 F.2d at 940.